NATHANIEL DOUGLAS
Deputy Chief
Environmental Enforcement Section
United States Department of Justice

JOHN N. MOSCATO
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street, South Terrace - Suite 370
Denver, CO 80202
Telephone: (303) 844-1380
Facsimile: (303) 844-1350
Email: John.Moscato@usdoj.gov

MICHAEL W. COTTER
United States Attorney

MEGAN L. DISHONG
Assistant United States Attorney
District of Montana
P.O. Box 8329
Missoula, MT 59807
Telephone: (406) 829-3323
Facsimile: (406) 542-1476
Email:  Megan.Dishong@usdoj.gov

**FILED**

**MAR 2 8 2016**

Clerk, U.S. District Court
District Of Montana
Missoula

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

---

THE UNITED STATES OF AMERICA

       Plaintiff,

    vs.

MICHAEL'S CONVENIENCE STORES,

INC.

      Defendant.

Case No. CV  9:16-cv-00020-DWM

**CONSENT DECREE**

---

i

## TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................................1

II. JURISDICTION ...................................................................................................2

III. PARTIES BOUND ..............................................................................................3

IV. DEFINITIONS.....................................................................................................3

V. PAYMENT OF CIVIL PENALTY .......................................................................5

    Stipulated Penalties ...........................................................................................7

VI. DISPUTE RESOLUTION...................................................................................9

    Informal Dispute Resolution.   ...........................................................................9

    Formal Dispute Resolution...............................................................................10

VII. NOTIFICATION...............................................................................................11

VIII. EFFECT OF SETTLEMENT/ RESERVATION OF RIGHTS.......................13

IX. COSTS ...............................................................................................................17

X. MISCELLANEOUS PROVISIONS....................................................................17

    Integration and Modifications ..........................................................................17

    Termination . ....................................................................................................17

    Retention of Jurisdiction..................................................................................18

    Public Participation..........................................................................................18

    Tolling Agreement. ..........................................................................................19

XI. SIGNATORIES/SERVICE ...............................................................................19

XII. FINAL JUDGMENT........................................................................................20

## I. **INTRODUCTION**

WHEREAS, Plaintiff United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA"), filed a Complaint with the Court against Michael's Convenience Stores, Inc. ("Defendant") concurrently with lodging this Consent Decree ("Decree");

WHEREAS, in its Complaint the United States alleges that the Defendant is liable for civil penalties under the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251-1387, as amended by the Oil Pollution Act of 1990 ("OPA"), for the unauthorized discharge on or about May through July, 2007 of harmful quantities of pollutants (*i.e.* gasoline), into or upon the waters of the United States, specifically Ashley and Spring Creeks and their adjoining shorelines, (State of Montana Release I.D. No. 4587);

WHEREAS, Defendant has provided financial information to the United States establishing its financial limitations;

WHEREAS, to resolve in accordance with this Decree the claims asserted in the Complaint regarding alleged violations of the CWA at the Facility, the Defendant agrees to pay to the United States a sum of $55,000.00;

WHEREAS, this Decree does not constitute an admission of any facts or liability by Defendant and Defendant expressly denies any and all liability; and

1

WHEREAS, the United States and Defendant (the "Parties") recognize, and the Court by entering this Decree finds, that this Decree has been negotiated by the Parties in good faith, will avoid litigation between the Parties, and is fair, reasonable, and in the public interest.

THEREFORE, before taking testimony and without the adjudication or admission of any issue of fact or law, and with the consent of the Parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

## II. JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to Sections 309(b), and 311(b)(7)(E) and (n), of the CWA, 33 U.S.C. §§ 1319(b), and 1321(b)(7)(E) and (n), and 28 U.S.C. §§ 1331, 1345, and 1355.

2.      Venue is proper in this District pursuant to Sections 309(b) and 311(b)(7)(E) of the CWA, 33 U.S.C. §§ 1319(b) and 1321(b)(7)(E), and 28 U.S.C. §§ 1391 and 1395(a), because the Defendant is located and doing business in this District, and the events giving rise to the claims alleged in the Complaint occurred in this District.

3.      Solely for purposes of this Decree, and without admitting or denying the factual allegations contained in the Complaint, Defendant agrees that the Complaint filed in this case states claims upon which relief may be granted.

4.     Solely for purposes of this Decree, Defendant consents to the Court's jurisdiction, venue in this District, and the terms of this Decree. Further, in any action to enforce this Decree, Defendant accepts the Court's jurisdiction over this Decree and consents to venue in this District.

5.     To facilitate a resolution, Defendant waives service of the Complaint and summons in this matter pursuant to Fed. R. Civ. P. 4(d).

6.     The United States has given notice of commencement of this action to the State of Montana as required by Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## III. **PARTIES BOUND**

7.     The obligations of this Decree apply to and are binding upon the United States and upon the Defendant, and any of its successors or assigns.

8.     In any action to enforce this Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, consultants, or contractors to take any actions necessary to comply with the provisions of this Decree.

## IV. **DEFINITIONS**

9.     Terms used in this Decree that are defined or used in the CWA or in regulations promulgated thereunder shall have the meanings assigned to them in such statute or such regulations, unless otherwise provided in this Decree. Whenever

3

the terms set forth below are used in the Decree, the following definitions shall apply:

a.   **"Complaint"** shall mean the Complaint filed by the United States in this action;

b.   **"Consent Decree"** or **"Decree"** shall mean this Consent Decree;

c.   **"Date of Lodging"** shall mean the date the signed Decree is filed with the Court for public comment consistent with the procedures set forth in 28 C.F.R. § 50.7;

d.   **"Day"** shall mean a calendar day.  In computing any period of time under this Decree, where the last day would fall on a Saturday, Sunday, or Federal Holiday, the period shall run until the close of business of the next working day;

e.   **"Defendant"** shall mean Michael's Convenience Stores, Inc., a Montana corporation with its principal place of business in Kalispell, Montana;

f.   **"DOJ"** shall mean the United States Department of Justice and any of its successor departments or agencies;

g.   **"Effective Date"** shall mean the date upon which this Decree is entered by the Court;

4

h.     **"EPA"** shall mean the United States Environmental Protection Agency and any of its successor departments or agencies;

i.     **"Facility"** shall mean Defendant's convenience store and gas station located at the intersection of 1011 U.S. Highway 2 and Meridian Road in Kalispell, Montana (identified by the State as Facility I.D. No. 15-02330);

j.     **"Interest"** shall mean interest at the rate specified in 28 U.S.C. § 1961;

k.     **"Paragraph"** means a portion of this Decree identified by an Arabic numeral ("subparagraph" by lowercase letter);

l.     **"Parties"** shall mean the Plaintiff and the Defendant;

m.     **"Plaintiff"** shall mean the United States of America;

n.     **"Section"** shall mean a portion of this Decree identified by a Roman numeral; and

o.     **"United States"** shall mean the United States of America, acting on behalf of the EPA.

## V. **PAYMENT OF CIVIL PENALTY**

10.     Under CWA Sections 309(d) and 311(b)(7)(A), 33 U.S.C. §§ 1319(d) and 1321(b)(7)(A), Defendant shall pay to the United States a total civil penalty of $ 55,000.00 as follows:

5

(a) Within 30 Days of the Effective Date of this Decree, Defendant shall pay to the United States $27,500 in accordance with the directions in Paragraph 11, below: and

(b) No later than 365 Days after the Effective Date Defendant shall pay the outstanding balance, $27,500.00, plus such Interest as accrues on that balance beginning on the Effective Date and up to the date payment is made in accordance with the directions in Paragraph 11, below.

Defendant shall not deduct any civil penalties paid under this Section in calculating its federal income tax.

11.     The payments due the United States under Paragraph 10 of this Section shall be made by Fedwire Electronic Fund Transfer ("EFT") in accordance with instructions provided by the Financial Litigation Unit of the District of Montana United States Attorney's Office, 2601, 2nd Avenue N., Billings, Montana, 59101, Telephone No. (406) 657-6101.  Such monies are to be deposited in the Oil Spill Liability Trust Fund pursuant to 33 U.S.C. § 1321(s) and 26 U.S.C. § 9509(b)(8). At the time of each payment, Defendant shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall reference the civil action number assigned to this case and DOJ Case Number 90-5-1-1-09620: (1) by email to CINWD_AcctsReceivable@epamail.epa.gov; (2) by U.S. mail to the EPA Cincinnati Finance Office, 26 W. Martin Luther King Drive,

6

Cincinnati, Ohio 45268, and (3) by U.S. mail to the representatives of DOJ and EPA designated in Section VII (Notification) of this Decree. Any payment received by DOJ after 4:00 P.M. (Eastern Time) will be credited on the next business day.

12.     If all or any part of the payments specified in Paragraph 10 are not paid within the times specified in Paragraph 10, Defendant shall pay, in addition to the amount specified in Paragraph 10, Interest on any unpaid balance and shall be subject to stipulated penalties as provided in Paragraph 13 of this Decree.

13.     **Stipulated Penalties**.  Defendant shall pay stipulated penalties of $1, 000 for each Day any payment required by Paragraph 10 is late.

a.     Defendant shall pay any Stipulated Penalty within thirty (30) Days of receiving a written demand from EPA pursuant to Section VII of this Decree (Notification).

b.     If Defendant disputes its obligation to pay part or all of any stipulated penalty, it shall initiate the dispute resolution procedures under Section VI of this Decree (Dispute Resolution).  If Defendant invokes dispute resolution, Defendant shall pay to the United States any amount not in dispute.

c.     If Defendant fails to pay stipulated penalties according to the terms of this Paragraph 13 of this Decree, Defendant shall be liable for Interest on such penalties accruing as of the date payment of stipulated penalties become due under Subparagraph a. of this Paragraph 13;

7

d.      Stipulated Penalties and Interest shall continue to accrue during Informal and Formal Dispute Resolution.  If the dispute is resolved by agreement through Informal Dispute Resolution, Paragraph 16, Defendant shall pay accrued penalties determined by the United States to be owing, together with Interest, to the United States within thirty (30) Days of the effective date of that agreement.  If Defendant invokes formal dispute resolution under Paragraph 17, or Defendant seeks judicial review of the dispute under Paragraph 19 and the United States prevails, Defendant shall pay all accrued penalties as claimed in the United States' Statement of Position submitted pursuant to Paragraph 18, or as determined by the Court to be owing, together with Interest, within thirty (30) Days of submittal of the United States' Statement of Position, or entry of the Court's decision or order, as applicable.

e.      Defendant shall pay stipulated penalties pursuant to the instructions for payment of civil penalties set forth in Paragraph 11 of this Decree except that the transmittal letter shall clearly state that it is for the payment of stipulated penalties.

f.      Defendant shall not deduct any stipulated penalties paid under this Paragraph in calculating federal income tax.

8

14.    Nothing in this Section shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay the civil penalty under Paragraph 10 or any stipulated penalty under Paragraph 13.

## VI.  **DISPUTE RESOLUTION**

15.    Unless otherwise expressly provided for in this Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Decree.  Defendant's failure to seek resolution of a dispute under this Section shall preclude Defendant from raising any such issues as a defense to an action by the United States to enforce any obligation of Defendant arising under this Decree.

16.    **Informal Dispute Resolution**.    Any dispute subject to dispute resolution under this Decree shall first be the subject of informal negotiations between the United States and the Defendant.  The dispute shall be considered to have arisen when Defendant sends a written notice of dispute to the United States, as provided in Section VII of this Decree (Notification).  Such notice of dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed thirty (30) Days from the date of the written notice, unless that period is modified by written agreement.  If informal negotiations are unsuccessful, then the United States' position shall control unless, within thirty (30) Days after either Party

9

has given the other Party notice of the conclusion of the informal negotiation, Defendant invokes formal dispute resolution pursuant to Paragraph 17.

17.    **Formal Dispute Resolution**.  Defendant shall invoke formal dispute resolution procedures, within the time period provided in Paragraph 16 of this Decree, by serving on the United States as provided in Section VII of this Decree (Notification) a written Statement of Position regarding the matter in dispute.  The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

18.    The United States shall serve its Statement of Position within forty-five (45) Days of receipt of Defendant's Statement of Position.  The United States' Statement of Position shall include, but not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States.  The United States' Statement of Position shall be binding on Defendant, unless Defendant files a motion for judicial review of the dispute in accordance with Paragraph 19.

19.    Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section VII of this Decree (Notification), a motion requesting judicial resolution of the dispute.  The motion must be filed within thirty (30) Days of receipt of the United States' Statement of

Position pursuant to Paragraph 18. The motion shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of this Decree.

20.     The United States shall respond to Defendant's motion within the time period allowed by the Local Rules of this Court. Defendant may file a reply memorandum, to the extent permitted by the Local Rules.

21.     In any dispute brought before the Court under Paragraphs 19 and 20 above, the United States' position shall be binding unless Defendant demonstrates that its position complies with this Consent Decree, the CWA, OPA, and any other applicable law, and Defendant is entitled to relief.

22.     Stipulated Penalties together with Interest shall continue to accrue with respect to the disputed matter from the first Day of non-compliance, but payment shall be stayed pending resolution of the dispute. If Defendant does not prevail on the disputed issue, Stipulated Penalties plus Interest shall be assessed and paid as provided in Paragraph 13.

## VII. **NOTIFICATION**

23.     Notifications required pursuant to this Decree shall be deemed submitted on the date they are either sent by certified mail, return receipt requested,

11

sent by facsimile transmission with confirmation of receipt, or sent by overnight

delivery service with confirmation of receipt.  When notification is required by the

terms of this Decree, it shall be provided both to DOJ and to EPA at the following

addresses:

> As to DOJ:
>
> Chief, Environmental Enforcement Section
>
> Environment and Natural Resources Division
>
> U.S. Department of Justice
>
> Post Office Box 7611 - Ben Franklin Station
>
> Washington, D.C. 20044
>
> Reference Case No. 90-5-1-1-09620
>
> As to EPA:
>
> Director of Technical Enforcement Program
>
> Office of Enforcement, Compliance and Environmental Justice
>
> U.S. EPA, Region 8
>
> 1595 Wynkoop Street
>
> Denver, CO 80202-1129
>
> Attn: Donna Inman (8ENF-UFO)
>
> Facsimile:  (303) 312 - 6953

24.    When notification is required by the terms of this Decree, it shall be

provided to Defendant at the following addresses:

> Michael's Convenience Stores, Inc.
>
> Attn: Michael Hayes

1011 Hwy 2 West

Kalispell, Mt 59901

25.    Any Party may, by written notice to the other Parties in accordance with this Section, change its designated notice recipient or notice address provided above.

## VIII.  EFFECT OF SETTLEMENT/ RESERVATION OF RIGHTS

26.    Entry of this Decree and Defendant's full and satisfactory compliance with its requirements resolves the civil claims of the United States against the Defendant for the violations alleged in the Complaint filed in this action through Date of Lodging and the United States covenants not to sue or take administrative action against Defendant concerning such alleged violations.

27.    Notwithstanding Paragraph 26 above, the United States reserves, and this Decree is without prejudice to, its right to institute a claim against Defendant with respect to all matters other than those expressly specified in Paragraph 26 including, but not limited to, the following:

>     a.  claims based on failure of Defendant to meet a requirement of this Decree;
>
>     b.  claims for criminal liability;
>
>     c.  claims, pursuant to Sections 7003 and 9006(a) of the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6973 and 6991e, and Sections 309(b) and 311(e) of the CWA, 33 U.S.C.

13

§§ 1319(b) and 1321(e), for injunctive relief, including remediation/corrective action, to address any residual contamination of the environment, including the soil and groundwater at and around the Facility, as a result of the unauthorized release by Defendant on or about May through July 2007 of petroleum into the environment (State of Montana Release I.D. No. 4587) and any commingling with releases by third parties confirmed on or about December 27, 1991, and April 21, 1993 (State of Montana Release I.D. Nos. 1047 and 1608, respectively); and

d. claims for natural resources damages (under the CWA, the Oil Pollution Act (OPA), the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), or other legal authority).

28.    This Consent Decree is premised on Defendant's assertion that it has limited financial resources. To substantiate its assertion, Defendant has produced to EPA financial information for itself and Sherry and Michael Hayes, Defendant's shareholders. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reopen this action, or to commence a new action, to seek further relief, including

14

additional civil penalties other than as provided in this Consent Decree, if the financial information provided by Sherri and Michael Hayes and the Defendant is in any material respect false, inaccurate, or incomplete. Defendant reserves all off its defenses to any such actions.

29.    Plaintiff reserves all legal and equitable remedies available to enforce the provisions of this Decree.  This Decree shall not be construed to prevent or limit the rights of the United States to obtain penalties or injunctive relief under any other federal or state law, regulations, or permit conditions, except as expressly specified herein.

30.    In any subsequent administrative or judicial proceeding pursuing claims reserved herein, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case.  Except as provided in this Paragraph 30, Defendant reserves its defenses to any such action.

31.    This Decree does not limit or affect the rights of the Plaintiff or Defendant against any third parties (parties not specifically part of this Decree), nor does it limit the rights of such third parties against Defendant except as provided by law.

32.     This Decree shall not be construed to create rights in, or grant any cause of action to, any third party.

33.     Except as provided herein, Defendant covenants not to sue and agrees not to assert any claims arising from the violations alleged in the Complaint against the United States pursuant to the CWA, OPA, or any other federal law, state law, or regulation, including, but not limited to, any direct or indirect claims for reimbursement from the Oil Spill Liability Trust Fund, as defined in Section 1001(11) of OPA, 33 U.S.C. § 2701(11), or any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA Sections 106, 107, 111, 112, and 113, 42 U.S.C. §§ 9606, 9607, 9611, 9612, and 9613, or any other provision of law.

34.     Nothing in the Complaint or in this Decree, including the execution and implementation of this Decree, shall constitute an admission by Defendant of any fact or liability, including any alleged violation of the CWA as set forth in the Complaint.  The terms of this Decree may not be used as evidence in any litigation between the Parties except (a) pursuant to Section VI (Dispute Resolution), (b) in an action to enforce this Decree, (c) in an action by the United States in which Defendant asserts a defense based on Paragraph 26 of this Decree, or in an action by the United States pursuant to Paragraph 28 of this Decree.

## IX. COSTS

35.    Each Party shall bear its own costs in this action, including attorney's

fees except that the United States shall be entitled to collect the costs of an action

brought to enforce this Decree, including attorney's fees, if the United States prevails

in that action.

## X. MISCELLANEOUS PROVISIONS

36.    **Integration and Modifications**.    This Decree contains the entire

agreement between the Parties with respect to the settlement embodied herein. No

other document, nor any representation, inducement, agreement, understanding, or

promise, constitutes any part of this Decree or the settlement it represents, nor shall

it be used in construing the terms of the Decree. The terms of this Decree may be

modified only by a subsequent written agreement signed by the Parties. Where the

modification constitutes a material change to the Decree, it shall be effective only

upon approval by the Court.

37.    **Termination**.    After Defendant has completed performance of all its

obligations under this Decree, i.e., payment of civil penalties under Section V of this

Decree (Payment of Civil Penalties) and payment of any Stipulated Penalties

accrued under Paragraph 13, if any, it may submit to the United States, in writing, a

request for termination, stating that it has satisfied all requirements of the Decree

along with all necessary supporting documentation. No later than one hundred and

17

twenty (120) Days after receipt of Defendant's written request for termination, the United States shall advise Defendant in writing whether or not it agrees with the request for termination. If the United States agrees, the Parties shall submit, for the Court's approval, a joint stipulation for termination of the Decree. If the United States disagrees with the termination date as proposed by the Defendant, the Defendant may invoke dispute resolution pursuant to Section VI of this Decree, although such dispute resolution may not be initiated until sixty (60) Days after submittal of Defendant's request for termination. Termination of the Consent Decree shall not affect the releases and covenants not to sue set forth herein.

38.  **Retention of Jurisdiction**.  The Court shall retain jurisdiction to resolve any disputes that arise under this Decree pursuant to Section VI (Dispute Resolution) or to enter orders necessary to modify, effectuate, or enforce compliance with this Decree.

39.  **Public Participation**.  The Decree shall be lodged with the Court for a period of not less than thirty (30) Days for public notice and comment, consistent with the procedures set forth in 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding this Decree disclose facts or considerations indicating that this Decree is inappropriate, improper or inadequate. Defendant agrees not to withdraw from or oppose entry of this Decree by the Court or to challenge any provision of the Decree, unless the United States

18

has notified Defendant in writing that it no longer supports entry of the Decree. Defendant consents to entry of this Decree without further notice.

40.    **Tolling Agreement.**   The tolling agreement entered into by the Parties and Michael Hayes regarding the Tolled Claims (as defined in the Tolling Agreement), effective May 1, 2013 and subsequently amended from time to time by the Parties and Michael Hayes, shall be void *ab initio* once entry of the Consent Decree by the Court is final and un-appealable.

## XI.  SIGNATORIES/SERVICE

41.    The undersigned representative(s) of each Party certifies that he or she is fully authorized to enter into the terms and conditions of this Decree and to execute and legally bind the Party he or she represents to the terms of this Decree.

42.    This Decree may be signed in counterparts, and such counterpart signature pages shall be given full force and effect.

43.    Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Decree and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XII. **FINAL JUDGMENT**

44.     Upon entry by this Court, this Decree shall constitute a final judgment

for purposes of Fed. R. Civ. P. 54 and 58.

45.     The Court finds that there is no just reason for delay and therefore enters

this judgment as a final judgment.

This Decree is dated and entered this 28th day of _March_,

2016, and entered subject to the courts
order of approval.

_____

United States District Judge

20

The undersigned party enters into this Consent Decree in the matter of United States v. Michael's Convenience Stores, Inc., subject to the public notice and comment requirements of 28 C.F.R. § 50.7.

FOR PLAINTIFF UNITED STATES OF AMERICA

NATHANIEL DOUGLAS
Deputy Section Chief
Environment and Natural Resources Division
United States Department of Justice

By: _____   2/3/2016

JOHN N. MOSCATO
Senior Counsel
Environment and Natural Resources Division,
Environmental Enforcement Section
United States Department of Justice
999 18th Street, South Terrace – Suite 370
Denver, CO 80202
Telephone: (303) 844-1380

MICHAEL W. COTTER
United States Attorney

By: _____   2/3/16

MEGAN L. DISHONG
Assistant United States Attorney
District of Montana
P.O. Box 8329
Missoula, MT 59807
Telephone: (406) 829-3323
Facsimile: (406) 542-1476

The undersigned party enters into this Consent Decree in the matter of <u>United States v. Michael's Convenience Stores, Inc.,</u> subject to the public notice and comment requirements of 28 C.F.R. § 50.7.

**FOR THE ENVIRONMENTAL PROTECTION AGENCY**

MARK POLLINS
Director
Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

KELLY ANN K. BRANTNER
Attorney Advisor
Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

22

The undersigned party enters into this Consent Decree in the matter of United States v. Michael's Convenience Stores, Inc., subject to the public notice and comment requirements of 28 C.F.R. § 50.7.

**FOR THE ENVIRONMENTAL PROTECTION AGENCY**

SUZANNE J. BOHAN   Acting
Assistant Regional Administrator
Office of Enforcement, Compliance
   and Environmental Justice
U.S. Environmental Protection Agency, Region 8
1595 Wynkoop Street
Denver, CO 80202-1129


SHELDON H. MULLER
Senior Attorney
Legal Enforcement Program
Office of Enforcement, Compliance
   and Environmental Justice
U.S. Environmental Protection Agency, Region 8
1595 Wynkoop Street
Denver, CO 80202-1129

23

The Undersigned party enters into this Consent Decree in the matter of United States v. Michael's Convenience Stores, Inc., subject to the public notice and comment requirements of 28 C.F.R. § 50.7.

**FOR DEFENDANT MICHAEL'S CONVENIENCE STORES, INC.**

Michael A. Hayes, President
Michael's Convenience Stores, Inc.

24